UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLANDER INTERNATIONAL BUNKERING, INC. <br>     Plaintiff, <br><br> V. <br><br> NUSTAR ENERGY SERVICES, INC. <br>     Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | C.A. NO.   3:23-cv-71 <br> IN ADMIRALTY, Rule 9(h) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Glander International Bunkering, Inc. ("Glander" or "Plaintiff"), and files this, its Original Complaint, against Defendant NuStar Energy Services, Inc. ("NuStar" or "Defendant"), and would show the Court as follows:

## PARTIES

1. Glander is a Nevada Corporation with its principal office and place of business located at 2401 PGA Blvd., Suite 155, Palm Beach Gardens, Florida 33410.

2. NuStar is a Delaware corporation with its principal office and place of business located at 19003 IH-10 West, San Antonio, Texas 78257. NuStar is authorized to do business within the State of Texas and, at all times material, did business in Texas as a provider of bunker fuel, entering into contracts for the sale/supply of bunker fuel and/or other contracts that were performable in whole or in part in Texas, and/or committing a tort within the State of Texas. NuStar may be served with process by serving its registered

65601:46834192

agent for service of process, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

3. This is a matter within the Court's subject matter jurisdiction, within the meaning of 28 U.S.C. § 1332, in that it is a dispute between Plaintiff, a Nevada corporation headquartered in Florida, and NuStar, a Delaware corporation headquartered in Texas, for an amount in controversy exceeding the sum of $75,000, exclusive of costs and interest. The Court also has an independent basis for jurisdiction over the subject matter of this action under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as Plaintiff asserts claims for maritime tort and breach of maritime contract arising from the sale and supply of bunkers to Plaintiff for consumption by the vessel M/V CLIPPER ENYO. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's non-maritime claims to the extent that they are so related to the maritime claims that they form part of the same case or controversy. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4. Venue for this civil action is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of Texas.

## FACTS

5. Plaintiff alleges, and will prove at trial, that NuStar produced, manufactured, stored, sold, supplied, and/or delivered unsuitable, substandard, defective, unsafe, contaminated, unfit, non-conforming, and off-specification bunker fuel to the CLIPPER

ENYO (the "Vessel"). This bunker fuel was not usable by the Vessel and eventually Glander had to sell it at a significantly reduced price as a distress sale, when NuStar refused to replace it as will be more fully explained below. Despite due demand, Plaintiff's claims against NuStar remain unresolved, necessitating this lawsuit.

6. Glander, as buyer, entered into a sales contract with NuStar, as seller, by which NuStar agreed to supply bunker fuel to the Vessel.

7. On January 27, 2022, a barge hired by NuStar delivered approximately 850 metric tons of unsuitable, substandard, defective, contaminated, unsafe, unfit, non-conforming, off-specification bunker fuel (hereinafter "bad bunker fuel") to the Vessel while she was at the Targa 1 terminal. On that same day, a Marine Fuel Delivery Note was issued memorializing the delivery of 850 metric tons of the bad bunker fuel to the Vessel.

8. The bad bunker fuel NuStar provided to the Vessel was not usable. Sampling conducted upon the request or on behalf of Plaintiff confirmed the unsuitable, substandard, defective, contaminated, unsafe, unfit, non-conforming, and off-specification condition of the bad bunker fuel. The level of the off-specification of the bad bunker fuel was so high that it even surprised NuStar.

9. Immediately upon receiving the laboratory analysis results that the bunker fuel was off-specification and not really in dispute, Plaintiff requested prompt assistance from NuStar to replace the bad bunker fuel, in order to mitigate damages and losses and for the Vessel to continue her voyage without delay, but NuStar repeatedly refused.

10. Replacement fuel had to be purchased to meet the Vessel's fuel consumption needs and the bad bunker fuel ultimately had to be offloaded in Rotterdam, Netherland, at a significant loss to Plaintiff.

11. Plaintiff has submitted its demand to NuStar with respect to the damages incurred by NuStar's failure to sell and supply bunker fuel meeting the proper and contracted specifications. However, despite this demand, NuStar has not compensated Plaintiff for its losses.

12. Plaintiff was without fault in causing and/or contributing to the damages asserted in this Original Complaint. The contamination of the bunker fuel was legally caused by the acts, omissions, or other conduct of NuStar, or by its breaches of the applicable contract and negligent acts or failures to act. The source of all damages, costs, and expenses incurred by Plaintiff is NuStar's provision of unsuitable, substandard, unsafe, defective, contaminated, unfit, non-conforming, off-specification bunker fuel.

## COUNT I

## BREACH OF CONTRACT

13. Plaintiff repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

14. NuStar is engaged in the business of selling, marketing, transporting, and/or otherwise providing marine fuels to customers. By virtue of its contract with Glander, NuStar agreed to provide bunker fuel to the Vessel which was to meet certain identifiable and industry-standard specifications.

15. However, NuStar provided bad bunker fuel to the Vessel that was out of specification, unsuitable, substandard, unsafe, defective, and/or contaminated in breach of contract.

16. The foregoing acts or failures to act as contracted by NuStar proximately caused significant damages to Glander. Glander hereby seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a result of NuStar's breaches of its contract with Glander.

## COUNT II

## BREACH OF WARRANTIES/MISREPRESENTATION

17. Plaintiff repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

18. NuStar warranted that the bad bunker fuel would meet certain identifiable and industry-standard specifications. However, NuStar provided to and loaded aboard the Vessel bad bunker fuel that was out of specification, unsuitable, unsafe, substandard, defective, and/or contaminated in breach of express warranties made and owed by NuStar to Plaintiff.

19. Additionally, NuStar's provision and loading of bad bunker fuel that was out of specification, unsuitable, substandard, unsafe, defective, and/or contaminated aboard the Vessel constitutes a breach of implied warranties, including but not limited to quality and/or fitness for purpose and freedom from harmful defects, made and owed by NuStar to Plaintiff.

65601:46834192

20. Alternatively, NuStar's provision to and loading aboard the Vessel of bad bunker fuel that was out of specification, unsuitable, substandard, unsafe, defective, and/or contaminated constitutes a material misrepresentation by NuStar to Plaintiff as to the quality and/or fitness for purpose of the fuel, which was relied upon by Plaintiff to its detriment. NuStar knew, or should have known, about the out of specification, unsuitable, substandard, unsafe, defective, and/or contaminated condition of the bad bunker fuel. Plaintiff is entitled to relief from the intentional and/or negligent misrepresentation of the quality and nature of the bad bunker fuel.

21. The bad bunker fuel provided by NuStar to the Vessel was not of the quality or condition expressly or impliedly warranted by NuStar's description, but was defective as described above. Alternatively, NuStar misrepresented the quality, specification, and/or suitability of the bad bunker fuel.

22. Plaintiff seeks recovery of all damages, costs, expenses, interest, and attorneys' fees that have been or may be incurred as a direct result of NuStar's conduct.

### COUNT III

### NEGLIGENCE

23. Plaintiff repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

24. NuStar's provision to and loading of bad bunker fuel aboard the Vessel that was out of specification, unsuitable, substandard, unsafe, defective, contaminated, and/or not in conformity with applicable specification and regulations constitutes negligence. NuStar owed a duty to Plaintiff to act non-negligently by loading only suitable fuel aboard

the Vessel, and to ensure the fuel loaded upon the Vessel was industry-standard, not defective, and not contaminated and/or off-specification. NuStar's failure to do so was negligent and its breach of its duty proximately caused damages to Plaintiff and the Vessel and other related expenses.

25. Plaintiff seeks recovery of all damages, costs, and expenses that have been or may be incurred as a result of NuStar's conduct.

## COUNT IV

## DAMAGES

26. Plaintiff repeats and re-alleges each and every paragraph and allegation in the preceding paragraphs as if fully set forth herein.

27. As a result of the acts or failures to act by NuStar, out of specification, unsuitable, substandard, defective, contaminated, and/or bad bunker fuel was delivered to the Vessel, resulting in physical damage, loss of use, fees, and other expenses arising from the Vessel's use of the bad bunker fuel supplied by NuStar.

28. Plaintiff hereby seeks recovery of in excess of $700,000.00 for all actual losses, damages, costs, and expenses, including, but not limited to, damage to the Vessel, the costs to offload and replace the bad bunker fuel, survey and inspection fees, chemical analysis fees, downtime, loss of use/revenue, cleaning and disposal expenses, increased operational costs, administrative and overhead costs, expert fees, as well as pre-judgment and post-judgment interest, attorneys' fees, costs of suit, and all other damages, costs, and expenses arising from the matters complained of herein.

65601:46834192

## **CONDITIONS PRECEDENT**

29. Plaintiff has complied with all conditions precedent to the maintenance of all causes of action asserted in this proceeding.

## **PRAYER**

WHEREFORE, Plaintiff prays that Defendant NuStar Energy Services, Inc. be served with citation and process, and that on final trial or hearing, Plaintiff have judgment against Defendant as to the damages described herein, in an amount to be shown at trial of this matter, plus pre-judgment and post-judgment interest, costs of court, attorneys' fees, and such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

By: ___/s/ *Dimitri P. Georgantas*___
      Dimitri P. Georgantas
      State Bar No. 07805100
      Fed. I.D. No. 2805
      1600 Smith Street, Suite 5000
      Houston, Texas 77002
      Telephone: 713.224.8380
      Facsimile: 713.225.9545
      dimitri.georgantas@roystonlaw.com

and

Eugene W. Barr
State Bar No. 24059425
Fed. I.D. No. 1144784
The Hunter Building
306 22nd Street, Suite 301
Galveston, Texas 77550
Telephone: 409.763.1623
Facsimile: 713.225.9545
eugene.barr@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF GLANDER INTERNATIONAL BUNKERING, INC.**