# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| GLANDER INTERNATIONAL BUNKERING, INC. § § § § | | |
| Plaintiff § | | |
| § | | |
| V. § | C.A. NO. 3:23-cv-71 | |
| § | Admiralty 9(h) | |
| NUSTAR ENERGY SERVICES, INC. § | | |
| Defendant § | | |

## NUSTAR ENERGY SERVICES, INC.'S ANSWER

Defendant, NuStar Energy Services, Inc. ("NuStar"), responds to the allegations of Plaintiff Glander International Bunkering, Inc's ("Glander") Complaint as follows:

1. NuStar can neither admit nor deny the allegations in paragraph 1 for lack of information.

2. NuStar admits its state of incorporation and the location of its principal office. NuStar admits it does business in Texas as a supplier of bunker fuel. NuStar denies the allegations it committed a tort in Texas or elsewhere. NuStar admits CT Corporation System is its service of process agent.

3. NuStar admits the Court has subject matter jurisdiction as alleged by Plaintiff. NuStar denies all factual allegations in paragraph 3, including the allegation that NuStar committed a tort or breached a contract.

4. NuStar admits that venue is proper but denies all liability regarding Plaintiff's claims.

5. NuStar admits it supplied bunker fuel to the vessel. NuStar denies all remaining allegations in paragraph 5.

91674724.1

6. The allegations in paragraph 6 are admitted.

7. NuStar admits that approximately 850 metric tons of bunker fuel was delivered to the vessel CLIPPER ENYO ON January 27, 2022, at the Targa 1 terminal, and denies the remainder of the allegations in paragraph 7.

8. The allegations in paragraph 8 are denied.

9. NuStar admits that at some point, Plaintiff requested the replacement of the delivered bunker fuel; however, it denies the remaining allegations in paragraph 9.

10. NuStar can neither admit nor deny the allegations in paragraph 10 for lack of information.

11. NuStar admits Plaintiff has made a settlement demand on NuStar, to which NuStar responded. The reminder of the allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are denied.

13. NuStar reasserts its prior responses to paragraphs 1-12.

14. NuStar admits it is in the business of selling marine fuel. With respect to the sale of marine fuel by NuStar to Glander, the terms and conditions of the NuStar SALES AGREEMENT will govern.

15. The allegations in paragraph 15 are denied.

16. The allegations directed against NuStar in paragraph 16 are denied. Glander is not entitled to the damages it seeks. Further, the following terms and conditions of NuStar's SALES AGREEMENT, paragraph 9 govern the sale between NuStar and Glander; "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND

AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…." Further… "THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further,… THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE, DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPONSIBLE FOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…." Under the SALES AGREEMENT, paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

17. NuStar reasserts its prior responses to paragraphs 1-16.

18. The allegations in paragraph 18 are denied. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which will govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY

OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…."

19. The allegations in paragraph 19 are denied. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…."

20. The allegations in paragraph 20 are denied. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…." Further… "THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further,… THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE,

DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPONSIBLE FOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…." Under the SALES AGREEMENT paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied. Glander is not entitled to the damages it seeks. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…." Further… "THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further,…THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE

EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE, DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPONSIBLE FOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…." Under the SALES AGREEMENT paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

23. NuStar reasserts its prior responses to paragraphs 1-22.

24. The allegations in paragraph 24 are denied. Glander's negligence claim is barred by the economic loss doctrine. Glander alleges the bunker fuel failed to meet quality specifications in the contract, and Glander's claimed losses are economic. That negligence claim is squarely barred by the economic loss doctrine. Glander cannot maintain a tort action against NuStar when Glander's damages are for economic loss caused by the alleged failure to perform a contract.

25. The allegations in paragraph 25 are denied. Glander is not entitled to the damages it seeks. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER

(WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER….." Further…"THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further,…THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE, DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPONSIBLE FOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…."

Under the SALES AGREEMENT paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

26. NuStar reasserts its prior responses to paragraphs 1-25.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied. Glander is not entitled to the damages it seeks. In accordance with the terms and conditions of NuStar's SALES AGREEMENT paragraph 9, which govern the sale between NuStar and Glander, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A

PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER….." Further… "THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further,… THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE, DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPONSIBLE FOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…." Under the SALES AGREEMENT paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

29. The assertions by Plaintiff in paragraph 29 are denied.

# ADDITIONAL DEFENSES

30. No act or omission of NuStar proximately caused Glander's injuries and damages as alleged.

31. Plaintiff Glander's damages were proximately caused by acts and/or omissions, negligence, breach of contract, and breach of warranties by third parties not under the control of Defendant NuStar, and for which NuStar had no duty or responsibility.

32. Plaintiff Glander failed to mitigate and/or properly mitigate its damages, if any. Failure of Glander to properly mitigate its damages, includes but is not limited to the following acts and omissions. Glander advised NuStar that after it had received test results indicating to Glander the bunker fuel was off specification, the Vessel could be debunkered in Rotterdam for $92,700. NuStar advised Glander to "strongly consider" debunkering in Rotterdam. Glander chose to debunker elsewhere. Under the law Glander has a duty to mitigate its damages by acting as a reasonably prudent party under the circumstances. Glander failed to do so by not debunkering in Rotterdam. Later, NuStar agreed to debunker the CLIPPER ENYO when it next came to Houston. Glander agreed, however Glander and its local agent were unable to properly communicate with and work with U.S. Customs and Border Protection Service, and as a result, Glander cancelled the Houston debunkering. Both are examples illustrating Glander's failure to mitigate its losses.

33. Plaintiff Glander's damages, if any, were proximately caused in whole or in part by Plaintiff's own contributory negligence, and/or the result of the unseaworthiness and/or other defective conditions of the vessel CLIPPER ENYO, for which NuStar is not responsible.

34. The bunker fuel in question was sold by NuStar to Glander under the terms and conditions of NuStar's SALES AGREEMNT. Those terms and conditions limit and/or exclude damages and remedies. Paragraph 9, states in part, "ALL OTHER WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, WORKMANLIKE PERFORMANCE, OR OTHER WARRANTY OF QUALITY AND ANY OTHER CONDITIONS AND AGREEMENTS WHATSOEVER (WHETHER STATUTORY OR OTHERWISE) ARE EXPRESSLY EXCLUDED AND DISCLAIMED BY THE SELLER…." Further, "THE BUYER'S SOLE AND EXCLUSIVE REMEDY SHALL BE LIMITED TO REPLACEMENT OF MARINE FUEL BY THE SELLER OR REIMBURSMENT OF PURCHASE PRICE BY THE SELLER, LESS THE PROCEEDS OF ANY SALE OF THE MARINE FUEL WHICH THE BUYER MAY HAVE EFFECTED." Further, THE BUYER'S SOLE REMEDY, AS SET FORTH ABOVE IS TO THE EXCLUSION OF ALL OTHER REMEDIES INCLUDING BUT NOT LIMITED TO, CLAIMS FOR LOSS OF USE, DETENTION AND ALL OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING INJURY OR DAMAGE (i) TO VESSELS WHICH THE BUYER REPRESENTS OR IS RESPNSIBLEFOR AS AGENT, (ii) TO CONTENTS AND EQUIPMENT OF SUCH VESSEL, (iii) TO CARGO OR TO PERSONS ABOARD SUCH VESSEL OR ADJACENT THERETO, (iv) LOSS OF PROFIT, DELAYS, OR (v) ALL OTHER DAMAGES OF LIKE OR DIFFERENT KIND SUFFERED BY REASON OF THE PROVISION OF MARINE FUEL OR MECHANICAL FAILURE CAUSED BY SAID MARINE FUEL…." Under the SALES AGREEMENT paragraph 14, "The Seller shall not be liable for special, indirect, consequential, punitive or exemplary damages of any kind arising out of or in connection with the performance or non-performance of this Agreement."

35. NuStar specifically pleads the application of the SALES AGREEMENT, and all of its terms and conditions by reference, as if the entire agreement was fully set forth herein.

36. In addition to the many contractual limitations on remedies and damages, the Economic Loss Doctrine will not allow recovery of purely economic claims absent physical damage to property. In *Robins Dry Dock & Repair v. Flint,* 275 U.S. 303 (1927) the U.S. Supreme Court held that under maritime law, a defendant is not liable for tort negligence, absent physical damage to a proprietary interest of the plaintiff. Under this Economic Loss Doctrine, a negligence claim cannot be maintained against NuStar.

## **PRAYER**

NuStar prays for the following:

This Honorable Court issue judgment that Plaintiff Glander collects nothing from NuStar, and that Glander's Complaint be dismissed with prejudice at Glander's sole cost, and that NuStar be awarded all other and further relief as the Court determines under law and/or equity.

Respectfully submitted,

*/s/ Walter J. Gallant*
_____
WALTER J. GALLANT
Attorney-in-charge
State Bar No. 00784100
SDTX Bar No.15394
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 832-460-4610
Facsimile: 713-759-6830
Walter.Gallant@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT
NUSTAR ENERGY SERVICES, INC.**

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 5th day of April, 2023.


**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P**

Dimitri P. Georgantas
State Bar No. 07805100
SDTX Bar No. 2805
1600 Smith Street, Suite 5000
Houston, Texas 77002
T: (713) 224-8380
F: (713) 225.9545
E: dimitri.georgants@roystonlaw.com

And

Eugene W. Barr
State Bar No. 24059425
SDTX Bar No. 1144784
The Hunter Building
306 22nd Street, Suite 301
Galveston, TX 77550
T: (409) 763.1623
F: (713) 225.9545
eugene.barr@roystonlaw.com

**ATTORNEYS FOR PLAINTIFF
GLANDER INTERNATIONAL
BUNKERING, INC.**

                                                          /s/   *Walter J. Gallant*
                                                    WALTER J. GALLANT