# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **GLANDER INTERNATIONAL** | § | |
| **BUNKERING, INC.** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **C.A. NO. 3:23-cv-00071** |
| | § | **Admiralty 9(h)** |
| **NUSTAR ENERGY SERVICES,** | § | |
| **INC.** | § | |
| **Defendant** | | |

## DEFENDANT NUSTAR ENERGY SERVICES, INC.'S
## REPLY IN SUPPORT OF ITS
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant NuStar Energy Services, Inc. ("NuStar") files this Reply in support of its Motion for Partial Summary Judgment as to the claims of Plaintiff Glander International Bunkering, Inc. ("Glander").

## UNCONTESTED MATTERS

Plaintiff Glander has not contested the following issues in its Response;

1. NuStar's Sales Agreement governs the transaction forming the basis of Plaintiff's lawsuit.

2. Plaintiff Glander did not own the vessel CLIPPER ENYO

3. The vessel CLIPPER ENYO suffered no physical damage to it as a result of its use of alleged contaminated bunker fuel.

4. Under the Economic Loss Rule, Plaintiff Glander cannot maintain its causes of action of Negligent Misrepresentation, Negligence, Intentional Misrepresentation and Fraud.

5. The exclusion of Remedies and damages under NuStar's Sales Agreement was communicated to Plaintiff Glander.

6. Prior to the sale forming the basis of this lawsuit, NuStar sold bunker fuel to Plaintiff Glander 83 times under the same circumstances as the subject sale.

7. Under the NuStar Sales Agreement, the calculation for the claimed available remedy for Plaintiff Glander is as follows; The NuStar invoice price was $439,687.43. The amount received by Plaintiff Glander when it sold the subject bunker fuel was $149,707.36. That leaves the sum of $289,980.07.

In its Motion for Partial Summary Judgment, Defendant NuStar argued that Plaintiff's cause of action for Negligence, Negligent Misrepresentation, Intentional Misrepresentation and Fraud could not be maintained because of the Economic Loss Rule. Plaintiff has not addressed or contested that in its Response. Defendant NuStar request the Court, whether or not it grants NuStar additional relief, grant summary judgment as to those claims and dismiss them with prejudice. An amended order granting that relief accompanies this Reply.

# NUSTAR'S LIMITATION OF REMEDY IS ENFORCEABLE

Plaintiff Glander cites to U.C.C. section 2.719 in support of its argument that the remedy available to Glander failed of its essential purpose, and is thus unenforceable. Glander is wrong. Under 2.719(a)(1) the recognized, standard minimally adequate remedy is repair, replacement or refund. Under the NuStar Sales Agreement and the facts of this case, repair is not applicable. However, the replacement of the fuel or refund was a remedy available to Glander. As Glander sold the subject fuel, replacement was no longer available. The sole remedy under the NuStar Sales Agreement was/is refund. The refund to Glander being the invoice price minus the amount Plaintiff Glander received from the salvage sale. That is the remedy that the NuStar Sales Agreement allows Glander as the sole remedy. The purchase price was $439,687.43, Glander sold the fuel for $149,707.36, thus the sum of $289,980.07 is the most Glander can recover from NuStar. See *Mansfield Heliflight v. Bell/Augusta Aerospace Co.*, 507 F. Supp 2d 638 (N.D. Tex. 2007), minimum adequate remedies under 2.719 are return, repair or replacement. "Further, where there is no personal injury involved, Texas Courts do not hesitate to enforce limitation of remedy provisions authorized by 2.719." *Chemetron Corp. v. Syngas Co.*, 1991 Tex. App. LEXIS *4 (Tex App-Houston [14th Dist.] February 21, 1991, writ den.). NuStar's limitation of remedy provides a minimal adequate remedy, and this matter is commercial, not a personal injury action.

# NUSTAR'S EXCLUSION OF CONSEQUENTIAL DAMAGES IS VALID

Section 9 and 14 of the NuStar Sales Agreement both operate to exclude consequential damages. 2.719(c) provides as follows:

Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in case of consumer goods is prima facia unconscionable but limitation of damages where the loss is commercial is not.

NuStar has established its limitation of remedy does not fail of its essential purpose, because it offered Glander the minimal adequate remedies of replacement or refund. However, **even if** it was found that such limitation of remedies failed of its essential purpose, the exclusion of consequential damages survives. *Bray Int'l. v. Computer Associates Int'l* 2005 LEXIS 40387 *4 (S.D. Tex. December 12, 2005), "…subsections (b) and (c) of 2.719 operate independently so that even if a contract's exclusive remedy fails of its essential purpose, a separate clause excluding consequential damages remains viable, that is, unless it is unconscionable". See also, *In re Dornier Aviation (North America), Inc.*, 2005 LEXIS 2818 *26, 58 U.C.C. Rep. Serv. 2d 1039 (Bk. Ct. E. D. Va., December 30, 2005) "…[T]he Texas Supreme Court has given tremendous deference to this legislative policy of freedom of contract and allocation of risks and obligations." "…under Texas law, even if the limitation of remedy clause has failed of its essential purpose, the separate limitation of liability clause, which disclaims all consequential damages, is valid…." "…[T]he Texas UCC honors agreements between contacting parties that limit or alter the

measure of damages recoverable even to the extent of allowing a single remedy to the exclusion of all others." *Bray Intern., Inc. v. Computer Associates Intern., Inc.*, 2005 LEXIS 40387 *9-10, (S.D. Tex., December 12, 2005). Plaintiff Glander and Defendant NuStar are both sophisticated merchants, dealing with each other at arm's length. That is not in dispute. Unconscionability is not tested according to performance but according to fairness of terms and relative bargaining power of the parties at the time of the making of the contract for purposes of 2.719. *Bray* at *14-15. Glander has not pled or argued any fraud or duress associated with the making of the Sales Agreement contract with NuStar, nor have they pled or argued that the Sales Agreement or the exclusion of consequential damages was unconscionable. Thus, as the exclusion of consequential damages is not unconscionable, it excludes the consequential damages pled for by the Plaintiff.

## PLAINTIFF'S REMEDY FOR BREACH OF WARRANTY IS LIMITED

Plaintiff Glander argues that a perceived conflict in a warranty provided in NuStar's Sales Agreement conflicts with a warranty provided in the Fuel Delivery Note, and based on that alleged conflict, summary judgment is precluded. Glander misses the mark. U.C.C. 2.316 deals with exclusion or modification of warranties. Section (d) of 2.316 states; "Remedies for breach of warranty can be limited in accordance with the provisions of this chapter on liquidation or limitation of

damages and on contractual modification of remedy (section 2.718 and 2.719)." That means, even without excluding or modifying a warranty, the remedy for breach of that warranty can still be limited. In other words, even if NuStar did breach a warranty as to Glander, NuStar can still limit the remedy for that breach under 2.719. That is what NuStar has done. Even if Glander establishes NuStar cannot exclude or limit warranties, which is not admitted, NuStar can still limit Glander's remedy for breach of that warranty to purchase price minus salvage sale. That is the relief sought by NuStar in its summary judgment.

## CONCLUSION AND PRAYER

NuStar's limitation of remedy is valid, as it meets the minimum adequate remedy standard of refund. Additionally, the exclusion of consequential damages is valid because even if the limitation of remedies fails of its essential purpose (which it does not), under U.C.C 2.719(c), the exclusion of consequential damages is still valid, as it was negotiated between sophisticated and experienced parties. Lastly, even if Plaintiff Glander can bring a breach of warranty claim, the available remedy for that breach is limited to invoice price minus salvage sale. Defendant NuStar asks the Cour to grant its summary judgment.

Respectfully submitted,

_/s/ Walter J. Gallant_

WALTER J. GALLANT
Attorney-in-charge
State Bar No. 00784100
SDTX Bar No.15394
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 832-460-4610
Facsimile: 713-759-6830
Walter.Gallant@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT
NUSTAR ENERGY SERVICES,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 7th day of June, 2024.


_/s/ Walter J. Gallant_
WALTER J. GALLANT