UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLANDER INTERNATIONAL BUNKERING, INC. § § § | | |
| Plaintiff § | | |
| § | | |
| V. § | C.A. NO. 3:23-cv-00071 | |
| § | Admiralty 9(h) | |
| NUSTAR ENERGY SERVICES, § | | |
| INC. § | | |
| Defendant | | |

**DEFENDANT NUSTAR ENERGY SERVICES, INC.'S
SUPPLEMENTAL REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant NuStar Energy Services, Inc. ("NuStar") files this Supplemental Reply in support of its Motion for Partial Summary Judgment.

**NUSTAR'S LIMITATION OF REMEDY DOES NOT FAIL OF ITS ESSENTIAL PURPOSE**

Under U.C.C. 2.719(a)(1) the recognized, standard minimally adequate remedy is repair, replacement or refund. Plaintiff cites boilerplate language from *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 830 F. Supp 2d 235 (S.D. Tex. 2011) arguing an exclusive remedy may fail of its essential purpose if the seller is "unwilling or unable to repair defective goods within a reasonable period of time." (Doc. 16, pg. 5). First, the *Berge* Court never reached the issue of whether the

damage limitation in question failed of its essential purpose. *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 830 F. Supp 2d 235 at 274, n. 96. Second, the context of *Berge* was the supply of gas compressors, thus the language of repair or replace. Repair is not applicable to this situation, bunker fuel cannot be repaired. Replacement of the fuel was offered by NuStar early on in the process as stated by Glander's Lars Brustad in his Unsworn Declaration supplemented by Glander, (Doc. 17-1, para. 6), where he indicates early on in the process NuStar offered to remove and replace the bunkers in Houston, Texas. However, after Glander sold the fuel at a salvage sale, replacement was not available. When Glander sold the fuel, it selected refund as its sole remedy; purchase price minus value received through a salvage sale. Glander argues NuStar's remedy failed of its essential purpose because NuStar could not replace the fuel in a reasonable time or in a reasonable place. However, Glander offers no evidence to support that allegation, and it is directly contradicted by Glander's own witness. Further, Glander offers no argument that refund is not a recognized adequate remedy.

Glander attaches as Exhibit 2 to its Supplemental Response (Doc. 16), 44 pages of emails (Doc. 16-2). These emails are not authenticated, and are not mentioned in Lars Brustad's Unsworn Declaration, and as such are hearsay and not competent summary judgment evidence. NuStar objects to Exhibit 2 on that basis and request the Court strike Exhibit 2, (Doc. 16-2).

## NUSTAR'S EXCLUSION OF CONSEQUENTIAL DAMAGES IS VALID

Plaintiff Glander argues NuStar's contractual limitation of remedies fails of its essential purpose. That is denied. However, even if that was true, the exclusion of consequential damages survives and is operative. Plaintiff has not contested this proposition of law.

Section 9 and 14 of the NuStar Sales Agreement (Doc. 9-1, Attachment D), both operate to exclude consequential damages. U.C.C. 2.719(c) provides as follows:

Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in case of consumer goods is prima facia unconscionable but limitation of damages where the loss is commercial is not.

"…subsections (b) and (c) of 2.719 operate independently so that even if a contract's exclusive remedy fails of its essential purpose, a separate clause excluding consequential damages remains viable, that is, unless it is unconscionable". *Bray Int'l. v. Computer Associates Int'l* 2005 LEXIS 40387 *4 (S.D. Tex. December 12, 2005). See also, *In re Dornier Aviation (North America), Inc.*, 2005 LEXIS 2818 *26, 58 U.C.C. Rep. Serv. 2d 1039 (Bk. Ct. E. D. Va., December 30, 2005) "…[T]he Texas Supreme Court has given tremendous deference to this legislative policy of freedom of contract and allocation of risks and obligations." "…under Texas law, even if the limitation of remedy clause has failed of its essential purpose,

the separate limitation of liability clause, which disclaims all consequential damages, is valid…."

In the case cited by Plaintiff Glander in its Supplemental Response, *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 830 F. Supp 2d 235 (S.D. Tex. 2011), the Court wrote of substantive unconscionability, where the terms of the contract are oppressive, and procedural unconscionability, where the seller employed overreaching or sharp practices and the buyer was ignorant or inexperienced. *Berge Helene Ltd., v. GE Oil & Gas, Inc,* 830 F. Supp 2nd at 270. The Plaintiff has not pled or argued the exclusion of consequential damages was unconscionable, either substantively or procedurally. Further from the *Berge* Court, "Courts are especially likely to uphold liability limits for consequential damages in a commercial transaction with sophisticated parties. (citation omitted) Most courts also uphold the exclusion of damages for consequential economic loss, such as lost profits, downtime, and claims of third parties where there is evidence that the buyer was on notice of the limitation." *Berge* at 271. In NuStar's Motion, (Doc. 9 pages 21-23, supported by the Unsworn Declaration of Erik Neunhoffer, Doc 9-1) NuStar established Plaintiff Glander's knowledge and notice of the contractual terms in the NuStar Sales Agreement, (83 sales from NuStar to Glander between January 2, 2020 and the sale in question on January 17, 2022, Doc 9, pg. 21) and Glander has not refuted that. Lastly, "As explained above, Texas U.C.C. 2.719(c) permits limitations

on consequential damages as long as the limitations are not unconscionable. Where the transaction is commercial and between sophisticated parties, courts are especially likely to enforce liability limits for consequential damages. (Citation omitted) (Plaintiff) does not argue that all the contracting parties in this case were not sophisticated. Accordingly, the exclusion of general and consequential damages in the Data Sheet does not appear substantively unconscionable; limitations on damages are common in contracts between sophisticated parties." *Id.* at 273-74 (parentheticals added). Then, citing to *Lindemann v. Eli Lilly & Co.*, 816 F.2d 199, 204 (5th Cir. 1987), "No Texas case [has held] unconscionable a contract clause excluding damages on the sale of a commercial product." *Id.* All of Plaintiff Glander's consequential damages are excluded.

**PLAINTIFF'S REMEDY FOR BREACH OF WARRANTY IS LIMITED**

Even if NuStar's exclusion of warranties is not effective, which is denied, the remedy for breach of that warranty can still be limited under U.C.C. 2.719. Section (d) of 2.316 states; "Remedies for breach of warranty can be limited in accordance with the provisions of this chapter on liquidation or limitation of damages and on contractual modification of remedy (section 2.718 and 2.719)." Even if NuStar did breach a warranty as to Glander, NuStar can still limit Glander's remedy for breach

of that warranty to purchase price minus salvage sale. Plaintiff Glander has not refuted this argument.

## CONCLUSION AND PRAYER

NuStar's limitation of remedy is valid, as it meets the minimum adequate remedy standard of refund. Additionally, the exclusion of consequential damages is valid because even if the limitation of remedies fails of its essential purpose (which it does not), under U.C.C 2.719(c), the exclusion of consequential damages is still valid, as it was negotiated between sophisticated and experienced parties. Lastly, even if Plaintiff Glander can bring a breach of warranty claim, the available remedy for that breach is limited to invoice price minus salvage sale. Defendant NuStar asks the Court to grant its summary judgment.

Respectfully submitted,

**LEWIS BRISBOIS LLP**

*/s/ Walter J. Gallant*
WALTER J. GALLANT
Attorney-in-charge
State Bar No. 00784100
SDTX Bar No.15394
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 832-460-4610
Facsimile: 713-759-6830
Walter.Gallant@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT NUSTAR ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 29th day of July, 2024.

*/s/ Walter J. Gallant*
WALTER J. GALLANT